UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**MARISOL DESARDEN,**

    Plaintiff,

            Case No. 19-cv-1447

vs.

**HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,**

    Defendant.

# COMPLAINT

The Plaintiff, Marisol Desarden, by Hawks Quindel, S.C., for her complaint against the above-named Hartford, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Milwaukee, Wisconsin.

2. Hartford Hartford Life & Accident Insurance Company ("Hartford") is a Connecticut company, licensed to do business in Wisconsin. Hartford's registered agent for service of process in the State of Wisconsin is CT Corporation System located in Madison, Wisconsin.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

7. Beginning in approximately February 2000, Aurora Health Care, Inc. ("Aurora") employed Plaintiff as a Medical Assistant in Wisconsin.

8. During the course of Plaintiff's employment with Aurora, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Aurora Health Care, Inc. Long Term Disability Plan ("Plan").

9. Around January 2013, Plaintiff's physical and mental health conditions deteriorated to the point that she was no longer able to perform the

2

duties of her occupation at Aurora or any other occupation. Accordingly, Plaintiff applied for LTDI benefits through the Plan.

10. Plaintiff's application for benefits under the Plan was approved due to Plaintiff's physical and mental health conditions beginning April 30, 2013.

11. On or around February 14, 2018, Hartford denied Plaintiff's claims for LTDI benefits under the Plan due to her disabling, physical health conditions and terminated benefits for such conditions effective February 1, 2018.

12. Hartford continued to pay LTDI benefits under the Plan to Plaintiff as a result of Plaintiff's disabling, mental health conditions from February 1, 2018.

13. On information and belief, the terms of the Plan impose a shorter time period that Plaintiff can continue to receive LTDI benefits for disabling, mental health conditions as opposed to disabling, physical health conditions.

14. Plaintiff appealed Hartford's denial of her LTDI claims due to her disabling, physical health conditions on or around April 30, 2018.

15. On or around May 21, 2018, Hartford denied Plaintiff's appeal of the February 14, 2018 denial of Plaintiff's continued eligibility for LTDI benefits under the Plan due to her physical health conditions.

16. In a May 21, 2018 letter, Hartford notified Plaintiff that she had exhausted her administrative remedies under the Plan and that she must initiate litigation for continued benefits under the Plan no later than November 16, 2018.

3

17. Plaintiff timely filed a lawsuit (E.D. Wis. Case No. 18-cv-1770) on November 8, 2018, which alleged that Hartford improperly denied her LTDI benefits under the Plan resulting from Plaintiff's physically disabling conditions.

18. The Parties agreed to dismiss that case without prejudice and filed a stipulation to that effect on February 1, 2019.

19. The Parties' stipulation assured Plaintiff the opportunity to pursue her right to LTDI benefits under the Plan based on her physically and/or mentally disabling conditions in the event her benefits terminated.

20. On January 16, 2019, Hartford terminated Plaintiff's claim for LTDI benefits and provided Plaintiff with an opportunity to appeal within 180 days.

21. Plaintiff timely appealed that denial on July 12, 2019 and provided all necessary information for Hartford to overturn is January 16, 2019 denial of Plaintiff's claim.

22. On September 17, 2019, Hartford denied Plaintiff's July 12, 2019 appeal of its denial of her claims for LTDI benefits.

23. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan due solely to her physical health conditions.

24. At all times material to this case, the Plan has remained in full force and effect.

25. Hartford's denial of Plaintiff's claim for LTDI benefits for her disabling, physical health conditions has caused Plaintiff to suffer the loss of past and future benefits under the Plan.

4

# FIRST CAUSE OF ACTION:
# DENIAL OF BENEFITS IN VIOLATION OF
# SECTION 502(a)(1)(B) OF ERISA

26. The preceding paragraphs are reincorporated by reference as though set forth here in full.

27. At all times since January 16, 2019, Plaintiff has been disabled, as that term is defined by the Plan, due to her physical health conditions, including failed back surgery syndrome, degenerative disc disease, and fibromyalgia.

28. Hartford wrongfully denied LTDI benefits due to Plaintiff relating to her physical health conditions on or around January 16, 2019 and again on September 17, 2019 in violation of ERISA.

29. Hartford arbitrarily and capriciously denied Plaintiff's continued LTDI benefits under the Plan for her ongoing, disabling physical health conditions.

30. On information and belief, Hartford has interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

31. On information and belief, Hartford has inconsistently interpreted the terms and conditions of the Plan from one case to the next.

32. In denying Plaintiff's claim based on her physical health conditions, Hartford has inconsistently considered the medical evidence in support of Plaintiff's claim over the course of Plaintiff's claim.

33. Hartford's denial of Plaintiff's LTDI benefits for her ongoing and disabling physical health conditions was unreasonable, arbitrary, and capricious.

5

34. For these and other reasons, Hartford acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits as a result of her ongoing and disabling physical health conditions.

## REQUEST FOR RELIEF

**WHEREFORE** the Plaintiff, Marisol Desarden, demands judgment from the Hartford for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan due to her ongoing and disabling physical health conditions;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: October 2, 2019.

**HAWKS QUINDEL, S.C.**

By: _/s/ Timothy P. Maynard_
William E. Parsons, State Bar No. 1048594
Timothy P. Maynard, State Bar No. 1080953

409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone:  608/257-0040
Facsimile:  608/256-0236
Email: wparsons@hq-law.com

6

210 East Erie Street, Suite 210
Post Office Box 442
Milwaukee, Wisconsin 53201-0442
Telephone:   414/271-8650
Facsimile:   414/271-8442
Email: tmaynard@hq-law.com

Attorneys for Plaintiff, Marisol Desarden